# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**JOHN SPOONER,**

        Plaintiff,

    **-vs-**                       **Case No. 15-CV-752**

**CITY OF MILWAUKEE, et al.,**

        Defendants.

---

# DECISION AND ORDER

---

John Spooner, a Wisconsin state prisoner, filed an action under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter is before the Court on the plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) and for screening of the plaintiff's complaint (ECF No. 1).

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without pre-paying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee. On June 23, 2015, the Court assessed an initial partial filing fee of $16.80. (ECF No. 6.) The plaintiff paid that fee on July 6, 2015. Accordingly, the Court grants the plaintiff's motion to proceed *in forma pauperis*.

With regard to screening the plaintiff's complaint, the Court must dismiss a complaint if a prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A complaint is frivolous or malicious if it has no arguable basis in law or fact, or if the petitioner is unable to make any rational argument in law or fact that would entitle him to relief. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The Court has the authority to dismiss any claim based on an indisputably meritless legal theory and any claim whose factual contentions are clearly baseless.

To state a cognizable claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. A plaintiff must support his legal conclusions with factual allegations. *Id.* If there are well-pleaded factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that the defendant(s): 1) deprived him of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir.

- 3 -

2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The plaintiff is currently incarcerated at the Wisconsin Secure Program Facility; however, the allegations in his complaint relate to events that allegedly occurred in connection with this arrest. The plaintiff is suing the City of Milwaukee and various John Does (an unnamed Milwaukee detective and unnamed Milwaukee officers). The plaintiff seeks unspecified compensatory and punitive damages.

According to the plaintiff's complaint, on May 31, 2012, Milwaukee police officers arrested him outside his home, where he lives alone. The plaintiff states that after he was in custody, John Doe officers 1 and 2 along with John Doe Detective entered the plaintiff's home without his permission and without a warrant and seized several items, including a surveillance camera recorder and a paper shooting target. The Doe defendants also searched the contents of the surveillance camera without the plaintiff's permission and without a warrant.[1]

"The right of people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be

---

[1] The plaintiff's complaint makes no mention of whether the seized/searched items impacted or were relevant to the plaintiff's conviction.

violated. . . ." U.S. Const. amend. IV. "'[P]hysical entry of the home is the chief evil' that this constitutional guarantee targets," so "it is a 'basic principle of Fourth Amendment law' that searches and seizures inside a home without a warrant are presumptively unreasonable" *Hawkins v. Mitchell*, 756 F.3d 983, 991-92 (7th Cir. 2014) (quoting *United States v. United States District Court for the E. Dist. of Mich., S. Div.*, 407 U.S. 297, 313 (1972) and *Payton v. New York*, 445 U.S. 573, 586 (1982)) (other citations omitted).

The plaintiff may proceed on his claim that the Doe defendants violated the Fourth Amendment when they searched his home and seized his property without a warrant. In addition, the plaintiff may proceed on his state-law claim of negligent supervision against the City of Milwaukee. The plaintiff will have to use discovery to identify the Doe defendants. Once identified, the plaintiff should file a motion requesting the Court to substitute the identified names for the "Doe" placeholders.

Finally, the Court notes that that the plaintiff purports to sue the Doe defendants in both their individual and official capacity. The distinction between official capacity and individual capacity is significant. "Personal-capacity suits seek to impose liability upon a government official for actions he takes under color of state law. . . . Official capacity suits, in

- 5 -

contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991) (quoting *Kentucky v. Graham*, 473 U.S.159, 166 (1985)). In other words, a personal-capacity suit is appropriate when an official, acting under the color of state law, personally deprives a plaintiff of a federal right. *Id.* On the other hand, an official-capacity suit is appropriate when a person is only executing or implementing the official policy or custom of a government entity. *Id.* The plaintiff's allegations do not indicate or imply the existence of an official policy or custom. Instead, the plaintiff alleges that each defendant acted on his own, in violation of official policy, to deprive the plaintiff of his constitutional rights. Accordingly, the plaintiff has not stated claims against the Doe defendants in their official capacity.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the City of Milwaukee pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-

- 6 -

of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $333.20 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case

filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2015.

**BY THE COURT:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 8 -